**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF OREGON

**ELIZABETH L. PERRIS**　　　　1001 S.W. FIFTH AVENUE, # 700　　　　DIANE K. BRIDGE, LAW CLERK
CHIEF BANKRUPTCY JUDGE　　　　PORTLAND, OREGON 97204　　　　STEPHEN A. RAHER, LAW CLERK
　　　　　　　　　　　　　　　　(503) 326-1536

**NOT FOR PUBLICATION**

March 25, 2010

Justin M. Baxter
Baxter & Baxter LLP
8835 SW Canyon Ln., Suite 130
Portland, OR  97225

Christopher J. Kayser
Larkins Vacura LLP
621 SW Morrison St., Suite 1450
Portland, OR  97205

Re:　<u>Thomas v. U.S. Bank</u>, Adv. No. 09-3248-elp
　　　Defendant's Motion for Summary Judgment

Dear Counsel:

　　　The purpose of this letter is to give you my ruling on the motion for summary judgment filed by defendant U.S. Bank in this adversary proceeding.  Plaintiff-debtors seek a judgment holding defendant in contempt on the basis that defendant violated the discharge injunction arising under 11 U.S.C. § 524(a)(3).  I took the matter under advisement after the March 17 hearing on defendant's motion.  For the reasons explained below, I find that debtors' present claim is precluded by virtue of the outcome of the earlier litigation in the U.S. District Court.

FACTUAL AND PROCEDURAL BACKGROUND

　　　Debtors George and Linda Thomas filed a Chapter 13 petition in 1989 and received a discharge on February 2, 1995.  In March 2002, Mr. Thomas discovered that defendant was inaccurately reporting a discharged credit card account on his consumer credit report.  After a series of administrative errors by its personnel, defendant changed the credit reporting of the debt from "discharged in bankruptcy" to "charged off."  Once the bankruptcy notation was removed from the account, U.S. Bank initiated collection activity and ultimately assigned the debt to a collection agency.

　　　In November 2005 debtors sued defendant in U.S. District Court, alleging violations of the Oregon Unlawful Debt Collection Practices Act and the federal Fair Credit Reporting Act ("FCRA").

The complaint was amended twice, ultimately retaining the original claims and adding an additional claim based on Oregon's Unlawful Trade Practice Act. Before trial, the District Court granted summary judgment to defendant on the state law claims and also dismissed Mrs. Thomas as a plaintiff for lack of standing. After Mr. Thomas presented his case-in-chief, the District Court granted defendant's motion for judgment as a matter of law on three of the four FCRA claims. On the one remaining claim, the jury returned a verdict for defendant.

After the trial, the District Court awarded defendant $50,000 in costs and attorney fees. Debtors appealed, but the Ninth Circuit affirmed in a memorandum opinion issued May 19, 2009. On July 31, 2009, debtors filed this adversary proceeding seeking a determination that the same set of facts giving rise to the claims asserted in their District Court action also violated their bankruptcy discharge injunction.

## DISCUSSION

### A. Jurisdiction

Enforcement of the discharge injunction is a "core proceeding" under 28 U.S.C. § 157(b)(2)(O). McGhan v. Rutz (In re McGhan), 288 F.3d 1172, 1180 n.9 (9th Cir. 2002). Accordingly, this court has jurisdiction. 28 U.S.C. § 157(b)(1).

### B. Summary Judgment

A court should grant summary judgment on a claim "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." F.R.C.P. 56(c)(2) (applicable to adversary proceedings through F.R.B.P. 7056). The movant has the burden of establishing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must view the facts and draw all inferences in the light most favorable to the non-moving party. Horphag Research Ltd. v. Pellegrini, 337 F.3d 1036, 1040 (9th Cir. 2003). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 247 (1986).

Justin M. Baxter
Christopher J. Kayser
March 25, 2010
Page 3

C. <u>Claim Preclusion</u>

Defendant argues that the Thomases could have brought their present contempt claim in the District Court proceeding and, because the claim arises from a common nucleus of fact, such claim is barred. Debtors argue that they were unable to raise the contempt claim in District Court and that it is a separate claim.

Claim preclusion (sometimes referred to as res judicata) in the context of federal court judgments is a matter of federal common law. <u>George v. City of Morro Bay (In re George)</u>, 318 B.R. 729, 733 (9th Cir. BAP 2004). The Supreme Court "treats the Restatement (Second) of Judgments . . . as an authoritative statement of federal res judicata doctrines." <u>Id</u>.

Under federal law, the doctrine of claim preclusion "provides that a final judgment on the merits of an action precludes the parties from relitigating all issues connected with the action that were or could have been raised in that action." <u>Rein v. Providian Fin. Corp.</u>, 270 F.3d 895, 898-899 (9th Cir. 2001). Claim preclusion applies where: (1) the parties are identical or in privity, (2) the prior judgment was rendered by a court of competent jurisdiction and (3) was final and on the merits, and (4) the same claim is involved in both suits. <u>Id</u>. at 899.

The parties do not appear to dispute the validity or finality of the judgment rendered by the District Court as to Mr. Thomas. Instead, debtors make two arguments against preclusion. First, they claim that the District Court did not render a final judgment as to Mrs. Thomas. Second, they argue that the District Court litigation and this proceeding involve different claims.

1. <u>Was there a final judgment as to Mrs. Thomas?</u>

A judgment that dismisses an action for lack of subject-matter jurisdiction "does not operate as an adjudication upon the merits" for purposes of claim preclusion. 18A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice and Procedure</u> § 4435 at 149 (2d ed. 2002)("Wright & Miller"). A dismissal for lack of standing is "controlled by the same principles as apply to want of subject-matter jurisdiction." <u>Id</u>. § 4436 at 165. This rule does not save Mrs. Thomas's claim in the present proceeding because of privity. Despite the general rule that nonparties are not bound by an earlier judgment, the facts of this case lead to a different conclusion due to the

close family relationship between Mrs. and Mr. Thomas.  See id. § 4459, at 607 ("preclusion may apply as to claims that derive from injury to a family member who has already litigated a personal claim").

In the District Court case, Mrs. Thomas's claims were dismissed for lack of Article III standing because the court determined she had not suffered an injury-in-fact.  Accordingly, debtors argue that Mrs. Thomas's contempt claim cannot be barred because there was not a final judgment, as to her, on the merits.

The collection efforts giving rise to this proceeding involve a debt of Mr. Thomas only.  Def. Concise Stmt. of Material Facts ¶ 1; Pltf. Resp. to Def. Concise Stmt. of Facts ¶ 1.  Mrs. Thomas acknowledged during discovery in the District Court action that defendant made no effort to collect directly from her and that her contact with the bank during the collection process was minimal.[1]

Under these circumstances, any claim that Mrs. Thomas has derives from injury to Mr. Thomas, who has already litigated his claims against the bank, so there is a final judgment for purposes of claim preclusion with respect to Mrs. Thomas.[2]

---

[1]  Mrs. Thomas testified as follows during a deposition in the District Court litigation:

> Q: When you answered the phone . . . [e]ach time it sounded as though the callers [seeking to collect on behalf of defendant] asked for your husband.
> A: Yes.
> Q: And you talked to them very little.
> A: Right.  There wasn't anything else for me to say.
> Q: And in some cases you didn't even know what the call was about?
> A: Right.
> * * *
> Q: Okay.  Let me ask one question. . . . Did your husband handle everything about this dispute with U.S. Bank?
> A: Yes.

Deposition Transcript of Linda Thomas, Jan. 31, 2006, at 48:6-18, 57:8-11.

[2]  In addition, I conclude, as did the District Court,
(continued...)

2.  Is civil contempt the "same claim"?

The closest question arising in this case is whether debtors' current contempt claim is the "same" as the claims they raised in the District Court litigation. Defendant argues that the two proceedings involve the same claims, because they both "arise out of the same transactional nucleus of facts." Def. Mem., 7 (quoting Nordhorn v. Ladish Co., 9 F.3d 1402, 1405 (9th Cir. 1993)).

As a preliminary matter, debtors argue that preclusion cannot apply here, because they were unable to assert their contempt claim in District Court. It is true that the discharge injunction does not create a private right of action, and thus a debtor's remedy is to seek a contempt citation. Walls v. Wells Fargo Bank, 276 F.3d 502, 507 (9th Cir. 2002) ("[C]ivil contempt is the normal sanction for violation of the discharge injunction.") (alteration in original, internal quotation marks omitted). It is also true that sanctions for violation of an injunction are generally administered by the court that issued the injunction. Baker v. Gen. Motors Corp., 522 U.S. 222, 236 (1998). Thus, debtors say that they could not have brought the contempt action in District Court, because it was not the court that issued the discharge injunction. Defendant counters that, because this court is part of the District Court, both tribunals should be considered the same court and debtors should have asked the District Court to decide the contempt issue at the same time as their other claims.

I find defendant's argument to be persuasive on this issue. This court is a unit of the District Court. 28 U.S.C. § 151. Although the District Court has referred all bankruptcy cases and proceedings to this court, it remains free to withdraw that reference as it sees fit. 28 U.S.C. § 157(d); D. Or. L.R. 2100.4. Debtors assert that defendant is being disingenuous because it "argued strenuously" in the District Court that debtors' claims were preempted by 11 U.S.C. § 524 and the entire case should have been brought in the Bankruptcy Court instead. Defendant says this is an inaccurate characterization of its

---

(...continued)
that Mrs. Thomas lacks standing to pursue a claim based on defendant's efforts to collect from Mr. Thomas for a debt that was his sole obligation. Mrs. Thomas's lack of standing provides an alternative basis for granting defendant's motion for summary judgment and dismissing her claims against defendant.

Justin M. Baxter
Christopher J. Kayser
March 25, 2010
Page 6

position, but in any event this reasoning does not help debtors, because they did not seek to include their contempt claim as part of the District Court action.[3]  Accordingly, their argument that they could not have brought a contempt claim in District Court is mere conjecture.

Moreover, debtors' description of defendant's argument in the District Court specifically mentions defendant's reliance on Walls v. Wells Fargo.  Because Walls discusses the overlapping jurisdictional relationship between district courts and bankruptcy courts in the context of enforcing the discharge injunction, debtors should have been aware of this issue during the District Court litigation and could have pursued (or at least preserved) this claim.  Walls, 276 F.3d at 507.

Nonetheless, just because debtors could have brought their contempt action in the District Court does not necessarily mean it is precluded.  To be subject to preclusion, the contempt claim must constitute the "same claim" for purposes of merger or bar.  Restatement (Second) of Judgments § 24 (1980) ("Restatement").  There are many different theories of how to define a "claim" in the context of preclusion.  See Wright & Miller § 4407.

The Restatement provides that a plaintiff's claim is barred when a final judgment was rendered on a prior claim "with respect to all or any part of the transaction, or series of connected transactions, out of which the [prior] action arose."  Restatement § 24(1).  Furthermore, the determination of what constitutes a "transaction" (or series thereof) is "to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."  Id. § 24(2).  In further refining this concept, the authors of the Restatement note that the rule barring claims applies even if, in the second action, the plaintiff seeks "remedies or forms of relief not demanded in the first action," which appears to be precisely what

---

[3] Because this court is a unit of the District Court, the contempt claim could have been handled as part of the District Court litigation by having the District Court withdraw the reference or, in the alternative, having the District Court refer the contempt claim to the Bankruptcy Court to the extent not resolved through the other claims asserted in the District Court.

Justin M. Baxter
Christopher J. Kayser
March 25, 2010
Page 7

debtors are doing with this adversary proceeding.  Id. § 25(2).
Admittedly, the rule of § 25(2) does not apply if the

> plaintiff was unable to rely on a certain theory of the
> case or to seek a certain remedy or form of relief in
> the first action because of the limitations on the
> subject matter jurisdiction of the courts or
> restrictions on their authority to entertain multiple
> theories or demands for multiple remedies or forms of
> relief in a single action, and the plaintiff desires in
> the second action to rely on that theory or to seek
> that remedy or form of relief.

Id. § 26(1)(c).  It is true that, in the District Court's ruling
on summary judgment, Judge Mosman noted that "the basis of
liability the Thomases are now focusing on has nothing to do with
their bankruptcy discharge." Thomas v. U.S. Bank, Case No. CV
05-1725-MO (D. Or., Mar. 8, 2007) (Mosman, J.).  But the fact
remains that the Thomases were not restricted (jurisdictionally
or otherwise) from raising a discharge-injunction-based theory in
the District Court.

   The Ninth Circuit Court of Appeals has established a four-
part test to determine "whether successive suits involve the same
cause of action." Robertson v. Isomedix, Inc. (In re Intl.
Nutronics, Inc.), 28 F.3d 965, 970 (9th Cir. 1994).  The factors
to consider are:

> (1) whether rights or interests established in the
> prior judgment would be destroyed or impaired by
> prosecution of the second action; (2) whether
> substantially the same evidence is presented in the two
> actions; (3) whether the two suits involve infringement
> of the same right; and (4) whether the two suits arise
> out of the same transactional nucleus of facts.

Id. (quoting Clark v. Bear, Stearns & Co., 966 F.2d 1318, 1320
(9th Cir. 1992)).  Application of this test to the present case
weighs in favor of preclusion.  The prior judgment established
that defendant was not civilly liable for its mishandling of
debtors' account.  To subject defendant to continued litigation
concerning the same set of transactions would impair the rights
and interests defendant received from the District Court's
judgment.  The second and fourth factors strongly support
preclusion, because all the evidence presented to this court
comes from the District Court record, and such evidence does
generally involve the same nucleus of facts.  Only the third

Justin M. Baxter
Christopher J. Kayser
March 25, 2010
Page 8

factor weighs against preclusion, since the District Court case focused on debtors' right to a fair investigation of credit reporting inaccuracies and their right to be shielded from unfair trade practices--as Judge Mosman noted, this had nothing to do with the rights afforded by the discharge injunction. Nonetheless, claim preclusion doctrines reflect a judicial policy against seriatim litigation, which is exactly what debtors are attempting here. Accordingly, I find that the present complaint for defendant's violation of the discharge injunction constitutes the "same claim" (for purposes of claim preclusion) as debtors' earlier litigation.

## CONCLUSION

I conclude that debtors' claim for civil contempt is precluded by virtue of the final judgment rendered by the U.S. District Court. Because I do not reach the merits of the case, I need not address the other arguments defendant made concerning the discharge injunction.

Defendant's motion for summary judgment against debtors' single claim in this adversary proceeding will be granted. Within ten days of the date of this letter, defendant should submit an order granting summary judgment and a judgment dismissing the complaint.

Very truly yours,

*[signature: Elizabeth L. Perris]*

ELIZABETH L. PERRIS
Bankruptcy Judge